UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA GOMEZ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | No. 13 C 2795<br><br>Magistrate Judge Susan E. Cox |

## ORDER

Plaintiff's motion for summary judgment is granted [dkt. 19]. We remand to re-examine the Commissioner's decision using the factors set forth in Social Security Act, 42 U.S.C. section 405(g). Defendant's motion for summary judgment is denied [dkt. 28].

## STATEMENT

Plaintiff Sandra Gomez ("Plaintiff") filed for social security disability benefits pursuant to Title II of the Social Security Act.[1] Plaintiff claims that she became disabled on November 1, 2009, and suffers from neck pain, lower back pain, right knee pain, left ankle pain diabetes, hypothyroidism, hypertension, anxiety and depression.[2] Her application was denied by the Social Security Administration;[3] Plaintiff's reconsideration of the adverse ruling was also denied,[4] and Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ").[5]

Following the hearing, ALJ Rebecca La Riccia determined, *inter alia*, that: 1) Plaintiff had not engaged in substantial gainful activity since November 1, 2009; 2) Plaintiff suffered

---

[1] R. 10.
[2] R. 10-13, 246.
[3] R. 10.
[4] *Id.*
[5] *Id.*

from severe impairments in the form of discogenic and degenerative disorders of the spine, degenerative joint disease; and "status post old femur fracture with instrumentation and subsequent rod removal;" 3) Planitiff's anxiety, depression, hypothyroidism, and hypertension were non-severe; 4) Plaintiff's impairments do not meet the severity of "the listings" in 20 CFR Part 404, Subpart P, Appendix 1; 5) Plaintiff has the residual functional capacity ("RFC') to perform the full range of sedentary work as defined in CFR 404.1567(a); and 5) there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, given her age, education, work experience and residual functional capacity.[6]

In her opinion, the ALJ noted Plaintiff was diagnosed at an initial psychological evaluation with major depressive disorder, and moderate anxiety disorder, but was assigned a Global Assessment Functioning score of 70, which indicated "no more than mild symptoms or occupational difficulties."[7] The ALJ further stated that the record showed that Plaintiff "attended only a handful of therapy sessions in late 2010," and that "[o]ther than these few, very brief therapy sessions . . . there is almost no treatment evidence pertaining to the claimant's mental health."[8] The ALJ then cited the state's psychological consultant, who "found the claimant did not suffer from a severe mental impairment, and noted no limitations in the claimant's activities of daily living and only mild limitations in social functioning, and concentration, persistence or pace."[9] Therefore, the ALJ found "the claimant's alleged depression and anxiety non-severe, as there is insufficient evidence that they impose more than minimal limitations on the claimant's ability to perform basic work activities."[10] In determining, the Plaintiff's RFC, the ALJ made no mention of Plaintiff's depression or anxiety outside of a

---

[6] R. 12-17.
[7] R. 13.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 13.

passing reference to the consultant examiner diagnosing Plaintiff with "pain in multiple joints, possible fibromyalgia, diabetes, hypertension, hypothyroidism, left knee and ankle pain with history of surgery post motor vehicle accident, and depression."[11] The ALJ did not discuss how, if at all, Plaintiff's anxiety and depression would affect her RFC.

## DISCUSSION

### I. THE ALJ FAILED TO PROPERLY APPLY THE "SPECIAL TECHNIQUE," AND THE FAILURE WAS NOT HARMLESS ERROR.

At step two of the five-step process used to determine if a claimant is disabled,[12] ALJs are to employ the "special technique" to analyze whether the claimant has a "medically determinable mental impairment, and whether that impairment causes functional limitations."[13] If the ALJ determines that the claimant has a medically determinable mental impairment, "then the ALJ must document that finding and rate the degree of functional limitation in four broad areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation."[14] "The ALJ must document use of the special technique by incorporating the pertinent findings and conclusions into the written decision," which "must elaborate on significant medical history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the mental impairment's severity" and "also incorporate 'a specific finding as to the degree of limitation in each of the functional areas.'"[15] However, the ALJ's failure to explicitly use the special technique may, in some instances, be harmless error.[16]

In this case, the Defendant concedes that the ALJ did not properly apply the special

---

[11] R. 15.
[12] *See Craft v. Astrue*, 539 F.3d 668, 673-74 (7th Cir. 2008) (explaining the "sequential five-step analysis").
[13] *Craft,* 539 F.3d at 674.
[14] *Id.*
[15] *Id.* at 674-75 (citing 20 C.F.R. § 404.1520a(e)(2)).
[16] *Richards v. Astrue*, 370 Fed. Appx. 727, 730 (7th Cir. 2010).

3

technique, stating that "[w]hile the ALJ did not make all of the findings set forth in the special technique, she did make several of them, and ultimately found that Plaintiff's depression and anxiety were not severe."[17] According to the Defendant, the ALJ's failure was harmless because "the ALJ provided enough information to support those findings she did make that these impairments were not severe."[18]

This Court does not agree with the Defendant's contention that the ALJ's failure was harmless. In *Craft*, the Seventh Circuit found that the "ALJ's failure to consider the functional impairments during the special the technique analysis was compounded by a failure of analysis during the mental RFC determination."[19] As such, the ALJ "gave short shrift to potential limitations caused by [the plaintiff's] mental impairments, and that error requires remand."[20]

Similarly, in this case, the ALJ's failure to perform the special technique had a ripple effect on the ALJ's RFC determination, requiring remand. "When determining the RFC, the ALJ must consider all medically determinable impairments, physical and mental, even those that are not considered 'severe.'"[21] By failing to make full, explicit findings about the Plaintiff's mental impairments regarding the four areas of functional limitations, it was unclear how, if at all, the Plaintiff's depression and anxiety would affect her ability to perform sedentary work.

Labeling the impairments as non-severe without going through the steps required by the special technique, and then ignoring Plaintiff's anxiety and depression completely in the RFC determination paints with too broad of a brush. For example, if the Plaintiff's depression or anxiety causes mild limitations in social functioning, or concentration, persistence and pace, as the psychological consultant found, how would those limitations affect Plaintiff's ability to

---

[17] Dkt. 29 at 3.
[18] *Id.* at 4.
[19] *Craft*, 539 F.3d at 675.
[20] *Id.*
[21] *Id.*

4

perform the sedentary work she was cleared to perform, such as a school secretary? The ALJ did not make any findings or reach any conclusions that would allow this Court to answer that question. It is certainly possible that it would have no practical effect, but that finding was not made by the ALJ because she failed to adequately apply the special technique, and this Court is left guessing.

On remand, the ALJ should explicitly apply the special technique, as required by the Seventh Circuit. While it is certainly possible that the ALJ will come to the same conclusions – both regarding the severity of Plaintiff's anxiety and depression and their overall effect on her RFC – once she has gone through the proper procedural steps on remand, this Court does not feel comfortable stating that this is certainly the case, and, therefore, cannot find that the ALJ's error was harmless.

## **CONCLUSION**

For the foregoing reasons, we remand this matter for further proceedings consistent with this opinion. Plaintiff's motion for summary judgment is granted [dkt. 19] and the Commissioner's motion for summary judgment is hereby denied [dkt. 28].

**DATED:** 7/17/2015

Susan E. Cox
United States Magistrate Judge